UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MARIO MACELLARI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GREG IMPERIAL,<br><br>　　　　Defendant. | Civil No. 25-cv-1236 (RMB/SAK)<br><br>MEMORANDUM ORDER |

**RENÉE MARIE BUMB, Chief United States District Judge:**

*Pro se* plaintiff Mario Macellari asks this Court to allow him to proceed *in forma pauperis* (IFP) so he can sue Defendant Greg Imperial—Macellari's appointed legal counsel representing him in an apparently ongoing criminal prosecution. 28 U.S.C. § 1915 allows federal courts to waive the prepayment of court fees if the litigant "is unable to pay such fees." 28 U.S.C. § 1915(a). But once a court grants an IFP application, § 1915 requires the court to screen the litigant's complaint to ensure, among other things, it states a claim and that the lawsuit is not frivolous or malicious. *Id.* § 1915(e)(2)(B).

Third Circuit courts only grant leave to proceed IFP "based on a showing of indigence." *Douris v. Newtown Borough, Inc.*, 207 F. App'x 242, 243 (3d Cir. 2006). While IFP status is not reserved solely for the "absolute[] destitute[,]" the litigant "must establish that he is unable to pay the costs of his suit." *Hurst v. Shalk*, 659 F. App'x 133, 134 (3d Cir. 2016) (quoting *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989)). The litigant seeking IFP status shoulders the burden "to provide the [Court] with the financial information

1

it need[s] to make a determination as to whether he qualifie[s] for [IFP] status." *Freeman v. Edens*, 2007 WL 2406789, at *1 (D.N.J. Aug. 17, 2007) (first, second, and third alterations in original) (citation and internal quotation marks omitted).

Here, after considering Macellari's Affidavit of Poverty and Account Certification, and the accompanying Offender Management System account record, the Court finds he cannot pay the court fees. So the Court grants his IFP application.

Still, by 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), the Court screens Macellari's Complaint to ensure he states a claim for relief and that his lawsuit is not "frivolous or malicious." Macellari's *pro se* status does not relieve him of his obligation to allege enough facts in the Complaint to support his claims. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

While unclear, Macellari appears to raise claims against Imperial who is currently representing Macellari in an ongoing criminal prosecution. [Compl. ¶ 6.] Macellari appears unsatisfied with Imperial's representation, claiming Macellari had advised Imperial that he does not want counsel to represent him. [*Id.*] Despite those instructions, Macellari claims Imperial continues to represent him over his objections. [*Id.*] Macellari also claims that Imperial and an unidentified judge "worked together to do this to [him.]" [*Id.*]

Even under the liberal reading that this Court gives to Macellari's Complaint, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court is unable to determine if it has subject matter jurisdiction over this lawsuit—diversity of citizenship or federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. Without more factual allegations, Macellari's alleged dissatisfaction with Imperial's legal representation is insufficient to establish subject matter jurisdiction.

Accordingly, this Court dismisses Macellari's Complaint without prejudice for lack of jurisdiction.

For the above reasons, and for other good cause shown,

**IT IS** on this **4th** day of **March**, **2025**, hereby,

**ORDERED** that the Court **GRANTS** Plaintiff's IFP application; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** (Docket No. 1); and it is further

**ORDERED** that Plaintiff may have the above-entitled case reopened, if, within thirty days of the date of the entry of this Memorandum Order, Plaintiff files an amended complaint; and it is further

**ORDERED** that Defendant shall not be served before the Court's *sua sponte* screen of an amended complaint; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Order on Plaintiff to his address of record by regular U.S. mail; and it is finally

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

**s/Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge